# Exhibit A

COMMONWEALTH OF MASSACHUSETTS
HAMPSHIRE, SS:

Superior Court Department of the
Trial Court of the Commonwealth
Civil Action

Kimberly Mook ,Plaintiff(s)

No. 2080 CV 0048

v.

Belchertown
Public Schools, et al ,Defendant(s)

**SUMMONS**


A TRUE AND
ATTESTED COPY
DEPUTY SHERIFF
8/25/2020

To the above-named Defendant : Gary Brougham, Town Administra

You are hereby summoned and required to serve upon David E. Ashworth
plaintiff    attorney, whose address is 35 W. Main St, West Brookfield, MA
an answer to the complaint which is herewith served upon you, within 20 days after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default 01585
will be taken against you for the relief demanded in the complaint. You are also required to file
your answer to the complaint in the office of the Clerk of this court at Northampton, either before
service upon plaintiff attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any
claim which you may have against the plaintiff which arises out of the transaction or occurrence
that is the subject matter of the plaintiff claim or you will thereafter be barred from making such
claim in any other action.

Witness, Judith Fabricant, Esquire at Northampton, the
day of                                                    , in the year of our Lord two thousand

Harry Jekanowski, Jr.

CLERK-MAGISTRATE

Notes:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is
used for each defendant, each should be addressed to the particular defendant.
3. Circle type of action involved. Tort - Motor Vehicle Tort - Contract - Equitable relief.

*[Left margin, vertical text]:* to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on , 20 .
I served a copy of the within summons, together with a copy of the complaint in this action upon the
within-named defendant, in the following manner (See Mass. R. Civ. P. 4(d) (1-5):

Dated: , 20 .
N.B. TO PROCESS SERVER: -

PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE
ORIGINAL AND ON COPY SERVED ON DEFENDANT.

, 20 .

| **CIVIL TRACKING ORDER**<br>**(STANDING ORDER 1- 88)** | DOCKET NUMBER<br>2080CV00048 | **Trial Court of Massachusetts**<br>**The Superior Court** |
|---|---|---|
| CASE NAME:<br>Mook, Kimberly vs. Belchertown Public Schools et al | | Harry Jekanowski, Jr., Clerk of Courts |
| TO: David E Ashworth, Esq.<br>Attorney at Law<br>35 West Main St<br>West Brookfield, MA 01585 | | COURT NAME & ADDRESS<br>Hampshire County Superior Court<br>15 Gothic Street<br>P.O. Box 1119<br>Northampton, MA 01061 |

### TRACKING ORDER - A - Average

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE | | |
|---|---|---|---|
| | SERVED BY | FILED BY | HEARD BY |
| Service of process made and return filed with the Court | | 07/27/2020 | |
| Response to the complaint filed (also see MRCP 12) | | 08/26/2020 | |
| All motions under MRCP 12, 19, and 20 | 08/26/2020 | 09/25/2020 | 10/26/2020 |
| All motions under MRCP 15 | 06/22/2021 | 07/22/2021 | 07/22/2021 |
| All discovery requests and depositions served and non-expert depositions completed | 04/18/2022 | | |
| All motions under MRCP 56 | 05/18/2022 | 06/17/2022 | |
| Final pre-trial conference held and/or firm trial date set | | | 10/17/2022 |
| Case shall be resolved and judgment shall issue by | | | 04/28/2023 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.

Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

This case is assigned to

| DATE ISSUED<br>04/29/2020 | ASSISTANT CLERK | PHONE |
|---|---|---|

Date/Time Printed: 04-29-2020 10:39:01

SCV026\ 08/2018

COMMONWEALTH OF MASSACHUSETTS

HAMPSHIRE, SS

HAMPSHIRE SUPERIOR COURT
CIVIL DIVISION
DOCKET NO. 20CV00

KIMBERLY MOOK,               )
    Plaintiff,              )
                             )
v.                           )
                             )
BELCHERTOWN PUBLIC           )
SCHOOLS, BELCHERTOWN SCHOOL  )
COMMITTEE, SUPERINTENDENT,   )
KAROL COFFIN, PRICIPAL, JENNIFER )
CHAMPAGNE, TOWN OF BELCHERTOWN, )
DR. MICHAEL KNAPP, PHD.,     )
MASSACHUSETTS BOARD OF       )
ELEMENTARY AND SECONDARY     )
EDUCATION, MASSACHUSETTS,    )
MASSACHUSETTS TEACHERS       )
ASSOCIATION, BELCHERTOWN     )
TEACHER'S ASSOCIATION, and,  )
BRADFORD BROUSSEAU, T.J. HOWELL, )
    Defendants,             )

## PLAINTIFF'S COMPLAINT FOR DAMAGES
## AND DEMAND FOR JURY TRIAL

### I. PARTIES

1. The Plaintiff, Kim Mook, is a resident of the Commonwealth of Massachusetts, with a

mailing address of 24 Honeysuckle Drive, Chicopee, Massachusetts and at times relevant to this

complaint, a teacher at Chestnut Hill Community School, located at 59 State Street,

Belchertown, Massachusetts. (hereinafter, "CHCS")


2. The Defendant, Belchertown Public Schools is a governmental entity of the

Commonwealth of Massachusetts, and duly organized under the laws of the Commonwealth of

Massachusetts, with a principal place of business located at 14 Maple Street, PO Box 841, Belchertown, MA Massachusetts 01007. (hereinafter, "BPS"),

3.  The Defendant is Carol G. Coffin, M. Ed, is a resident of the Commonwealth of Massachusetts, and at relevant times to this complaint, Superintendent of Belchertown Public Schools. with a mailing address of 14 Maple Street, PO Box 841, Belchertown, MA 01007. (hereinafter, "Ms. Coffin"),

4.  The Defendant is Jennifer Champagne, an employee and agent of BPS and at relevant times to this complaint, Principal of CHCS, and a resident of the Commonwealth of Massachusetts with a mailing address of 14 Maple Street, PO Box 841, Belchertown, MA 01007. (hereinafter, "Ms. Champagne")

5.  The Defendant is Dr. Michael Knapp, an employee and agent of BPS and/or the Town of Belchertown, at relevant times to this complaint Chairman of the Belchertown School Committee, and a resident of the Commonwealth of Massachusetts with a mailing address of 14 Maple Street, PO Box 841, Belchertown, MA 01007. (hereinafter, "Dr. Knapp")

6. The Defendant is Bradford Brousseau, an employee and agent of MTA, and a resident of the Commonwealth of Massachusetts with a mailing address of 55 Bobala Drive, Apt #3, Holyoke, Massachusetts, 01040, (hereinafter, "Mr. Brousseau").

7. The Defendant is T.J. Howell, a resident of the Commonwealth of Massachusetts with and at relevant times to this complaint, the President of the BTA, with a mailing address of 142 Springfield Road, Belchertown, Massachusetts, 01007. (hereinafter, "Mr. Howell")

8. The Defendant is the Belchertown School District a governmental entity and municipal entity duly operated under the laws of the Commonwealth of Massachusetts, with a mailing address of 14 Maple Street, PO Box 841, Belchertown, MA 01007. (hereinafter, "BSD")

9. The Defendant is Belchertown School Committee, a public employer and municipal entity duly operated under the laws of the Commonwealth of Massachusetts, with a mailing address of 14 Maple Street, PO Box 841, Belchertown, MA 01007. (hereinafter, "BSC")

10. The Defendant is the Town of Belchertown is a public employer and governmental entity duly organized under the laws of the Commonwealth of Massachusetts, with a mailing address of 14 Maple Street, Belchertown, Massachusetts. ("Town")

11. The Defendant is, Town Administrator, Gary Brougham a resident of the Commonwealth of Massachusetts with a mailing address of The Finnerty House, One South Main Street, P.O. Box 670, Belchertown, Massachusetts. ("Mr. Brougham")

12. The Defendant is, the Town of Belchertown Board of Selectmen, a municipal entity duly organized under the laws of the Commonwealth of Massachusetts with a mailing address of 14 Maple Street, Belchertown, Massachusetts. ("BOS")

13.  The Defendant is, Massachusetts Board of Elementary and Secondary Education an entity duly operated under the laws of the Commonwealth of Massachusetts, with a mailing address of 5 Pleasant St., Malden, Massachusetts, 02148, and, P.O. Box, 841, Belchertown, Massachusetts, 01007. (hereinafter, BESE)

14.  The Defendant, Massachusetts Teachers Association and the Belchertown Teachers Educational Association, is the union representative organization on behalf of plaintiff in this case, and is a non-profit corporation organized and operated under the Laws of the Commonwealth of Massachusetts with a principal place of business located at 2 Heritage Drive, 8th Floor, Quincy, Massachusetts and, 48 Sword Street, Auburn, Massachusetts, 01501, and said defendants' will collectively be referred to as MTA unless otherwise specifically referred to. (hereinafter, "MTA")

14(a).  The Defendant, Belchertown Educational Association, Inc., associated with the Massachusetts Teachers Association, 123 Belchertown Teachers Association, is the union representative organization on behalf of plaintiff in this case, and is a non-profit corporation organized and operated under the Laws of the Commonwealth of Massachusetts with a principal place of business located at 142 Springfield Road, Belchertown, Massachusetts, 01007. (hereinafter, "BTA")

## II.  STATEMENT OF FACTS

15.  At all times relevant to the complaint, Plaintiff, Kim Mook (hereinafter, "plaintiff") is a 29 year old women whom was born and raised in Belchertown, Massachusetts, and attended

Belchertown Schools where she participated in and developed an interest in art and it's crucial

role in the education of children and upon graduation from Belchertown High School, directed

her career focus, energy and resources into teaching art to students in her community.

16. At all times relevant to the complaint plaintiff alleges that she applied for a

paraprofessional position and was hired by BPS in 2005, and worked successfully and

cooperatively for 12 years as a CHCS paraprofessional, substitute teacher, guaranteed substitute

teacher and Art Teacher through June 9, 2017.

17. At all times relevant to the complaint plaintiff alleges that her job description and

responsibilities in connection with her employment as an Art Teacher were contained in the BPS

Employee Handbook presented to her on August 31, 2015, which contained enforceable terms

and conditions of her employment at CHCS including but not limited to; paid leave, unpaid

leave, vacation benefits, termination, teacher evaluations, progressive discipline and computer

network and internet acceptable use policy for employees of BPS.

18. At all times relevant to the complaint plaintiff alleges the superintendent of BPS was

Ms. Coffin who was the public official charged with establishing and supervising educational

goals and policies for the schools in the district consistent with the requirements of law and

statewide goals and, standards established by the state board of education.

19. At all times relevant to the complaint, plaintiff alleges that Massachusetts law

provides in part that the superintendent, by means of comprehensive evaluation, shall cause the

performance of all teachers, principals, and administrators within the school district to be

evaluated using either the Model System for Educator Evaluation designed and regularly updated

by the Department of Elementary and Secondary Education or a locally developed system that is

consistent with the principles of evaluation established therein. (G.L. c. 71 §38, 603 C.M.R.

35.06)

20.  At all times relevant to the complaint, plaintiff avers that BSC had a Collective

Bargaining Agreement with BTA  (hereinafter, CBA), which sets forth specific terms and

conditions of her employment with respect to leaves of absence, teacher evaluation process,

progressive discipline, union representation of teachers rights, appellate rights, due process rights

protections to notice and an opportunity to be heard and, other specific rights with respect to her

employment, free speech rights, discipline, her personnel record and other important benefits and

rights. Article 13 of the CBA provides that no teacher will be disciplined, reduced in pay or rank

or denied a benefit without just cause.

21.  At all times relevant to the complaint plaintiff alleges that, the terms and conditions

of Article 12, et. seq., of the CBA included the right to notice and an opportunity to meaningfully

be heard and the right to fair representation as part of the intended due process protections for

any teacher facing discipline or termination. The CBA also provides generally that the right to

appeal negative summative evaluation performance ratings, is a critical element of the

Belchertown Teacher Evaluation Process, and the CBA describes a procedure of appeal of any

such false or negative evaluations to the superintendent of schools and/or BSC.

22.  At all relevant times to the complaint, plaintiff alleges that Dr. Michael Knapp was the Chairman of the BSC which has the educational responsibility for implementing statutory requirements pertaining to public education and the local citizen's expectations for the education of the community's youth. Plaintiff alleges that the BSC has declared its intent to create and maintain a two-way communication with the citizens of the community concerning educational issues presented. Plaintiff alleges in this regard Mr. Brougham, the Town of Belchertown, the Town of Belchertown Board of Selectmen, BPS, Dr. Knapp and BSC have the legal duty to supervise principals and superintendents, for their actions and inactions with regard to a teacher's evaluation and alleged unfair and unlawful separation from employment.

23. At all relevant times to the complaint, plaintiff alleges that performance standards for teachers and other BPS school district employees shall be established by the school committee on the recommendation of the superintendent and pursuant to the applicable regulations, and the performance standards are incorporated into the applicable collective bargaining agreement and the results of such evaluations may be used in decisions to dismiss, demote, or remove a teacher or administrator. M.G.L.A. c. 71 §38.

24.  At all times relevant to the complaint, plaintiff alleges that the evaluation system includes the following: educator self-assessment addressing performance standards established through collective bargaining or included in individual employment contracts; goal setting and the development of an educator plan; implementation of the educator plan; formative assessment or formative evaluation, summative evaluation; and, evidence of the educator's impact on

learning, growth, and achievement of the students under the educator's responsibility. 603 C.M.R. 35.06.

25.   At all times relevant to the complaint, plaintiff alleges that the 5 Step Evaluation Process employed by BPS pursuant to the CBA, required self-assessment, goal setting, an education plan, formative evidence, observation and feedback, and, summative evaluation upon agreed to classroom observation of educator's goals and performance which is, performance against standards. At the conclusion of the evaluation, each educator shall receive one of four ratings on each performance standard and overall. These four ratings are: exemplary, proficient, needs improvement, and unsatisfactory. 603 C.M.R. 35.08.

26.   At all relevant times to the complaint, plaintiff alleges that she performed all of her job responsibilities with a high professional standard of care and within a sufficiently acceptable level so as to be granted professional teacher status. Plaintiff had positive and proficient job performance references from 2005 through 2016 and, Vice Principal Jill Pelletier of CHCS gave plaintiff an proficient performance evaluation in 2015-2016 school year. The numerous letters of objection from teachers, students and the Belchertown community to plaintiff's May 2017 dismissal as the Art Teacher at CHCS, without BSC or arbitration review, for an unfair reason and the absence of any disciplinary action against her in her employment personnel file, further supports her allegations in this regard.

27.   At all relevant times to the complaint, plaintiff alleges that she closely focused upon Learning Standards and curriculum presentation to her sub-separate class which consisted of 4th,

5th and 6th grade students and addressed all standards for visual arts, traditional fine arts, design

fields, methods, elements and principles of design, observation, abstraction, invention and

expression. Plaintiff as part of her stated goals described and incorporated the "Connections

Strand", standards in projects and teaching of stylistic influence and change and interdisciplinary

connections.

28.  At all relevant times to the complaint, plaintiff alleges that Classroom, school and

district assessment in the arts are linked to the Standards Framework of what students should

know and be able to do which are addressed in plaintiff's curriculum, instruction and assessment.

Plaintiff's Lesson Plans were designed to optimize student achievement in the arts and

developing student's critical response to their own work and the work of others and, how

students solve open ended artistic problems designed around standards to better measure student

achievement.

29.  At all times relevant to the complaint plaintiff alleges that she was hired as a

guaranteed substitute in 2014-2015 school year, and worked every day as an art teacher and then

was hired as an Art Teacher in 2015-2016, and therefore her scheduled May 1, 2017, summative

evaluation with Ms. Champagne was critical to her professional status licensure after 12 years as

a part time art teacher, paraprofessional and Art Teacher, where, she alleges, her time may have

satisfied the statue, where a teacher who teaches for three consecutive school years in a public

school district of the Commonwealth and is not tendered written notice of nonrenewal by June

15 of the third year is entitled to "professional teacher status" under G. L. c. 71 §41.  A

superintendent, on the recommendation of the principal, may award professional teacher status to

any teacher who has served in the principal's school for not less than one year or to a teacher who has obtained such status in any other public school district in the Commonwealth of Massachusetts. G.L. c. 71 §41.

30. At all times relevant to the complaint plaintiff alleges that she worked with Ms. Champagne to from September 2016 through May 2017, to develop her stated education goals of her 2017 summative evaluation and conferred with her about the scheduled classroom observation date and Ms. Champagne scheduled a May 1, 2017, classroom observation of plaintiff's 4th, 5th and 6th Grade Art class, to observe plaintiff's stated summative evaluation goals, which included students with special needs and began at 11:45 a.m. The Educator Planned Goals and were well thought out and developed with Ms. Champagne as required and plaintiff believed that Ms. Champagne was truly interested in as well. Plaintiff's goals outlined for observation were specifically based on the "sub-separate classroom", with strictly modified goals for that special student population.

31. Ms. Champagne admitted to plaintiff in September 2016, that she did not know the art curriculum, nonetheless found plaintiff's curriculum in need of improvement. Comments of students in the Summative report were random, partial and responses to questions by Ms. Champagne to them which were not relevant to the teacher's goals. Ms. Champagne did not observe the educators planned goals in essence prior to writing the summative evaluation.

32. At all times relevant to the complaint plaintiff alleges on May 1, 2017, at 11:45 a.m., Ms. Champagne did not appear to observe the class or educator goals performed and met by

plaintiff in that class nor did she call to cancel the scheduled BPS Classroom Observation in

connection with the required follow up to plaintiff's Educator Goals which were discussed and

outlined by Ms. Champagne as early as September, 2016.

33.  At all times relevant to the complaint plaintiff alleges that under the Commonwealth

of Massachusetts Department of Education laws and regulations, a summative report must be

written following the written Educator Plan Goals and these written goals must be observed to be

evaluated and rated.

34.  At all times relevant to the complaint plaintiff alleges that on May 10, 2017, Ms.

Champagne appeared for a classroom observation of plaintiff's 5th Grade art class of 27 students.

This was not the "sub-separate classroom", with strictly modified goals for that special student

population to the 4th, 5th and 6th art class plaintiff's written Educator Plan Goals were based upon.

35.  At all times relevant to the complaint plaintiff alleges that Ms. Champagne, to the

knowing detriment of plaintiff's constitutionally protected liberty rights and property rights, her

professional teaching license status and her career development, failed to disclose in her written

evaluation of May 10, 2017, that she arrived two to three minutes late and therefore did not hear

plaintiff's introductory presentation to the class concerning class goals and specific directions on

how that class was going to achieve their goals, which is one basis plaintiff was criticized as

having not done.

36. Plaintiff alleges that at all relevant times to the complaint, that Ms. Champagne changed plaintiff's lesson plan of May 10, 2017, into a "last observation" on her Educator Goals for her summative report, and knowingly and recklessly never truly observed plaintiff's planned goals which were known, discussed and agreed to in October 2016, and signed by plaintiff and Ms. Champagne. The announced classroom observation of these unique art class and educator plan goals, was May 1, 2017. Plaintiff performed all the obligations of her summative evaluation and teaching contract on May 1, 2017, and Ms. Champagne and defendants otherwise breached her obligations under the employment contract, the duty of good faith and fair dealing, the CBA, and their legal duty to reasonably evaluate plaintiff with regard to her employment with CHCS and to supervise defendants' agent and employees.

37. Plaintiff alleges that at all relevant times to the complaint, Ms. Champagne in her written BPS Classroom Observation report on May 12, 2017, at 2:03 p.m., failed to disclose and/or misrepresented material information about the totality of plaintiff's summative evaluation and recklessly, wantonly, knowingly and willfully did not follow plaintiff's Educator Goals in her report or reasoning and made false representations of material facts such as claiming plaintiff's written summative evaluation goals planned/announced to be observed, was a May 10, 2017, 5th grade art class, where that day teaching water color techniques were observed, but only in part.

38. Plaintiff alleges that at all relevant times to the complaint, on May 12, 2017, at approximately 3:00 p.m., Ms. Champagne asked plaintiff to meet in her office where the observation of plaintiff's 5th grade art class that day and her summative evaluation were

discussed. Plaintiff alleges she exercised her free speech rights as a private citizen and as a

matter of important public policy, and clearly indicated the non-compliance with Massachusetts

law and the CBA, regarding her summative evaluation and her full due process rights to protect

her job. Plaintiff alleges she was misled to sign the Classroom Observation that occurred on May

10, 2017, on May 12, 2017, and it was not signed by Ms. Champagne until May 15, 2017.

Plaintiff alleges that in retaliation for the exercise of her protected free speech rights under the

First Amendment, and the exercise of her constitutionally protected due process rights, and Ms.

Champagne made the decision to terminate her and dismiss her from her employment as an art

teacher at CHCS and that fact was communicated to her. Plaintiff immediately asked for an

appeal of that decision.

39.   Plaintiff alleges that at all relevant times to the complaint, an email sent from Ms.

Champagne to Mr. Shawn Fortin, BPS Director of Learning, on May 12, 2017, where plaintiff

was copied, indicated that she and Mr. Fortin awaited approval to renew plaintiff "on Monday",

and that Ms. Champagne would be recommending "needs improvement".   On May 12, 2017, at

approximately 4:40 p.m., Ms. Champagne responded to the email of Ms. Coffin representing to

her that she was in the process of completing plaintiff's summative evaluation and will be

meeting with her on Monday, where she will be receiving "needs improvement in Standard 1",

which will result in an overall needs improvement.

40.   Plaintiff alleges that at all relevant times to the complaint, on May 15, 2017,

uncertain of her employment status and future, she asked to meet Ms. Champagne where plaintiff

again articulated her position and the importance of the evaluation procedure to children's

education and discussed the discrepancies in her summative evaluation presentation and Ms. Champagne's alleged observation. Ms. Champagne then told plaintiff that her contract as Art Teacher at CHCS would not be renewed. Plaintiff immediately requested an appeal of the negative job performance summative evaluation and, an appeal of the decision to terminate her from her position as Art Teacher at CHCS on May 12, 2017, and/or non-renewal.

41.  Plaintiff alleges that at all relevant times to the complaint, under the circumstances and under Massachusetts Law, the teacher, if he or she so requests, must also be given a reasonable opportunity within ten school days after receiving the written notice to review the decision with the principal or the superintendent, as the case may be, and to present information pertaining to the basis for the decision and to the teacher's status. G.L. c. 71, § 42.

42. At all times relevant to the complaint, plaintiff appealed the termination and non-renewal decisions and on June 9, 2017, she met with Ms. Champagne and Ms. Coffin in Ms. Coffin's office. A representative of MTA and BTA, Lawrence O'Brien, appeared and spoke at the meeting and plaintiff alleges that the MTA, BTA, BPS, BSC, Ms. Champagne, Ms. Coffin and the Town, with full knowledge of the violations of law and the CBA against her wrongful termination, violation of her free speech rights and violation of her due process rights, acquiesced to the decisions, told plaintiff he was unfamiliar with the contract and otherwise declined, failed and refused to represent her legal interests as required by the CBA and by law. (M.G.L.A. c. 150E) Plaintiff alleges that the terms and conditions of the CBA required that any termination and/or non-renewal decision under these circumstances be "for cause".

43. At all times relevant to the complaint plaintiff alleges that she requested a grievance be filed on her behalf where there was a CBA violation and violation of the Rules and Regulations of the School Committee which directly involved her conditions of employment, and, Mr. O'Brien told her that Bradford Brousseau and the MTA would not file a grievance or represent her in this matter, and when plaintiff asked why, he replied, "we dropped the ball on this one". (CBA Article 2.04 through 2.05) Plaintiff alleges municipal liability where the BSC acted, by inaction, without earlier providing plaintiff with performance evaluations that were required by the collective bargaining agreement.

44. At all times relevant to the complaint plaintiff alleges that on June 9, 2017, a letter was sent from Ms. Coffin and received by Plaintiff on June 12, 2017, giving written notice of her non-renewal without referencing any of the evidence presented, her dismissal, letters of support from the community or any due process violations alleged in the form of misrepresented facts leading to her termination on May 12, 2017, the failure and refusal to review evidence, permit BSC appeal hearing or consider the effect on the best interests of the children as reflected in numerous letters and information pertaining to her appeal.

45. At all times relevant to the complaint, on or about June 9, 2017, plaintiff attempted to present her appeal, documentary evidence of her wrongful termination in violation of an important public policy, breach of contract, malfeasance, letters of support from parents and the community on this issue to Dr. Knapp, who received the package delivered by a member of the School Committee and looked at it and openly refused to read or consider its contents on behalf of BSC, BPS, BESE, Mr. Brougham, BOS and the Town.

46. At all times relevant to the complaint plaintiff avers that under Massachusetts law, school principals, subject to the approval of the superintendent, are responsible for the hiring and termination of all teachers, athletic coaches, instructional or administrative aides, and other personnel assigned to the building. G.L. c. 71 §59B, and, the superintendent is responsible for all other employees. G.L. c. 71 §§42, 59. Building principals, with the approval of the superintendent, are responsible for the hiring, supervision, and discipline of personnel assigned to their buildings, and the superintendent is responsible for personnel throughout the district. G.L. c. 71 §§41, 42D, 59, 59B. Both principals and superintendents are authorized to dismiss teaching staff. G.L. c. 71 §42.

47. At all times relevant to the complaint plaintiff alleges that, G.L. c. 71 §42, provides three different levels of procedural and substantive due process requirements and protections for public school teachers being terminated from their employment, and provides in part; that a teacher who has been teaching in a school system for at least ninety calendar days shall not be dismissed unless he or she has been furnished with written notice of intent to dismiss and an explanation of the grounds for dismissal in sufficient detail to permit the teacher to respond and documents relating to the grounds for the dismissal. These procedural requirements apply both to teachers with professional teacher status and those without, so long as the ninety-calendar-day requirement has been satisfied.

48. At all times relevant to the complaint, Ms. Champagne, Ms. Coffin, Mr. Knapp, BPS, BSC and Mr. Brousseau's knowing refusal to review plaintiff's appeal documents presented to BSC after Ms. Coffin's June 9, 2017, letter, appealing Ms. Champagne's decision to terminate

her and Ms. Coffin's decision not to renew her contract, which included information, letters and documents which evidenced alleged misrepresentations made by defendants in the reasons given for plaintiff's termination from employment and a subsequent failure to afford plaintiff her due process rights and rights of appeal, violated both her statutory rights under M.G.L.A. c. 71 §41 and M.G.L.A. c. 71 §42, the CBA, the BPS Employee Handbook and, her constitutional rights under the 1st, 5th and 14th Amendments to the United States Constitution.

49.  At all times relevant to the complaint plaintiff alleges that, if an employer places in a personnel record, any information which the employer knew or should have known to be false, then the employee shall have remedy through the collective bargaining agreement, other personnel procedures, or judicial process to have such information expunged. G.L. c. 149 §52C. Plaintiff alleges that any negative information placed in her employee personnel file by Ms. Champagne or defendants was information the defendants know to be false, in connection with any allegations of substandard performance of her 2017 summative evaluation developed and scheduled for May 1, 2017.

50.  The criteria for determining a qualified teacher shall be subject to collective bargaining; provided, however, that any such collectively bargained for qualifications shall include, as the primary factors, indicators of job performance, including overall ratings resulting from comprehensive evaluations conducted consistent with Section 38 and the best interests of the students in the school or district. M.G.L.A. c.71 §42.

51. On June 13, 2017, Ms. Coffin posted the New Job Listing for Art Teacher at CHCS, and the job was filled quickly, and in a biased manner, by Laura LaPlante, from Granby Massachusetts Schools, who was a colleague of Ms. Champagne and Art Teacher when she worked in that district.

52. At all times relevant to the complaint. plaintiff avers that any absences which are excused or sanctioned by the collective bargaining agreement or by the school committee, do not weigh against the employee's entitlement to professional teacher status and, provisions concerning leave of absence was an employee benefit under the CBA.

53. BESA and the Massachusetts Department of Education was contacted by plaintiff with respect to her termination, non-renewal, her 2016-2917 summative evaluation, the lack of any meaningful appeal, union representation or arbitration rights, and the DOE responded first by directing her to other offices in Holyoke and Springfield and after continued inquiry by plaintiff, BESE and DOE told plaintiff that they could not help her.

54. Plaintiff alleges that all times relevant to the complaint that her first time needs improvement rating for her teacher performance evaluation normally results in a Developmental Educational Plan as a part of the due process protection of progressive discipline under the CBA and/or the enforceable terms and conditions of the employee handbook and her implied contract.

55.  At times relevant to the complaint, plaintiff attended Westfield State College to receive additional credentials in teaching art and education in her field, specifically with respect to Art Curriculum, where she received a 4.0 GPA.

56.  In School Year 2015-2016, Plaintiff developed and implemented a lauded Andy Warhol Campbell Soup Pop Art Complimentary and Monochromatic Colors teaching method.

57.  On January 17, 2017, Michael Berg sent a letter and email to Ms. Champaign, speaking highly of plaintiff's students in her art class as calm and motivated. Plaintiff emailed Ms. Champagne and expressed interest in art mentoring in action.

58.  At all times relevant to the complaint, a school district may be held vicariously liable for torts committed by employees acting in the scope of their employment. Plaintiff alleges that Ms. Champagne, Ms. Coffin, Dr. Knapp were public employees and public officials of the Town of Belchertown, BPS, BSC and at all times relevant to the complaint were acting under color of state law and deprived plaintiff of her employment rights and her constitutional rights and are subject to municipal liability under M.G.L.A. c. 258 et seq.

59.  Plaintiff alleges at all times material to the complaint that there was no failure to satisfy performance standards developed pursuant to Chapter 71 Section 38, and no notice or opportunity to meet such alleged standards not performed by plaintiff and there was no good faith or "other good cause" to terminate her as a teacher.

60.  Plaintiff alleges at all times material to the complaint that leading to and after plaintiff's termination, there was an outpouring of teacher support and Belchertown Community support to reconsider termination and reinstate her as art teacher in the students best interests.

61.  Plaintiff alleges at all times material to the complaint that the evidence presented by Ms. Champagne, Ms. Coffin and BSC, did not substantiate any of the charges made against her which resulted in her termination, and certain individual defendant's made false representations concerning plaintiff's performance as pretext to depriving her of achieving her 1st, 5th and 14th Amendment rights to free speech and substantive and procedural due process, and plaintiff alleges the unfairness, pretext was malicious and had improper motive where her position was posted before any consideration of her due process rights, her union grievance and pending appeals, and her job was then filled in a biased manner.

62.  Plaintiff alleges at all times material to the complaint that the best interests of the students at CHCS was not considered in terminating plaintiff under a legal standard which considers the student's rights and interests and the teacher's rights, there was no "just cause" to terminate. There were no documented professional or confrontational behavior and no prior conduct ever deserved discipline and none was ever taken. She never engaged in any conduct which could be described as unbecoming of a teacher. Plaintiff alleges that her termination was not an appropriate discipline given due process requirements of progressive discipline under the CBA, employee handbook and other employees' normative treatment. Plaintiff alleges that in this regard, she had a constitutionally protected property interest in her continued public employment.

63.  Plaintiff alleges at all times material to the complaint that defendants Ms.

Champagne, Ms. Coffin, BSC, Mr. Knapp, and BPS have supervisory authority over teacher

summative evaluations under M.G.L.A. c. 71 §38G, and applicable regulations, and fair appeal

of evaluations ratings decisions, dismissals and non-renewals, are well defined, dominant public

policy and specific legal policy.

64.  On or about January 14, 2019, plaintiff sent Notice of Presentment under M.G.L.A.

c. 258 §4, to Belchertown Town Manager, Gary Brougham, setting for the basis of her claims of

municipal liability, individual liability and vicarious liability for the actions and inactions of the

defendant public employers and public employees. The same letter was mailed to the Attorney

General's Office.

65.  On or about May 6, 2019, plaintiff sent Notice of Presentment under M.G.L.A. c.

258 §4, to Belchertown School Committee Chair, Dr. Michael Knapp, setting for the basis of her

claims of municipal liability, individual liability and vicarious liability for the actions and

inactions of the defendant public employers and public employees. The same letter was mailed to

the Attorney General's Office certified mail and by regular mail. Plaintiff alleges that, a copy of

the letter was faxed to Town Counsel on or about May 6, 2019.

### III. CAUSES OF ACTION

### COUNT I
### (Wrongful Termination Violation of G.L. c.71 §42)

66.  Plaintiff repeats an realleges the allegations contained in paragraphs one through 65,

as if set forth herein.

67.  At all times relevant to the complaint, General Laws c. 71, § 42, second par., inserted by St. 1993, c. 71, § 44, states: "A teacher who has been teaching in a school system for at least ninety calendar days shall not be dismissed unless he has been furnished with written notice of intent to dismiss and with an explanation of the grounds for the dismissal in sufficient detail to permit the teacher to respond and documents relating to the grounds for dismissal, and, if he so requests, has been given a reasonable opportunity within ten school days after receiving such written notice to review the decision with the principal ..., and to present information pertaining to the basis for the decision and to the teacher's status.... Teachers without professional teacher status shall otherwise be deemed employees at will."

68.  Plaintiff alleges that the performance standards and evaluation tools set forth in the regulations and the Model System for Educator Evaluation are incorporated into applicable collective bargaining agreements, and under the circumstances a teacher can be dismissed only for just cause and the same principal applies to decisions of alleged non-renewal, in this case.

69.  Plaintiff alleges at all times relevant to the complaint, that she grieved Ms. Champagne's, Ms. Coffin's and BSC's decision not to renew her employment, claiming that the committee had violated the CBA by failing to follow the evaluation procedures set forth in the CBA. Plaintiff alleges she was entitled to the statutory due process rights conferred by G. L. c. 71 §42, and if arbitration were permitted as required, she would have obtained the remedy of reinstatement for the next school year.

70.  Plaintiff alleges the reason used for her termination was not true and there was an affirmative duty to disclose, on the part of Ms. Champagne, Ms. Coffin, BSC, and BTA, to disclose to BESE, TOWN, MTA, BTA and BSC, Ms. Champagne's failure to conduct a fair employee evaluation, her retaliatory dismissal of plaintiff on May 12, 2017, and, failure to afford plaintiff with required due process protections under the circumstances to protect her public employment.

WHEREFORE, plaintiff demands judgment against Defendants, BPS, Town, BOS, Ms. Coffin, Ms. Champagne, BSC, BSD, MTA, BTA, BESE, Dr. Knapp, Mr. Brougham, Mr. Howell and Mr. Brousseau, for wrongful termination in violation of M.G.L.A. c. 71 §42, and asks this court to award her relief and all compensatory damages, actual damages, lost wages, post-termination back pay, denial of employment benefits, statutory damages, injunctive relief in the form of reinstatement, expungement of negative personnel records, and/or order to arbitrate the matter, and/or to award her any such other equitable relief, injunctive relief or damages that this court may deem just and proper.

## COUNT II
### (Wrongful Termination Violation of Public Policy)

71.  Plaintiff repeats and realleges the allegations contained in paragraphs one through 70, as if stated herein.

72.  Plaintiff alleges that under Massachusetts law, it is unlawful to terminate employee in violation of a clearly defined public policy, and, the Massachusetts Model System for Teacher Evaluation and the fair, truthful and just administration of teacher evaluations are a clearly

defined public policy, which are critical to children's education. Plaintiff alleges she was

terminated for exercising her legally guaranteed right to arbitrate or object to defendants'

conduct which resulted in an incomplete and unfair teacher evaluation and her retaliatory

termination from employment without contractually guaranteed due process.

73.  Plaintiff alleges that defendants violated the duty of good faith and fair dealing

implied in all contracts in Massachusetts, which under the circumstances is a violation of a

clearly defined public policy.

74.  At all times relevant to the complaint, plaintiff avers that the 12 school years of

service, under the circumstances, may have entitled her to professional teacher status and

defendants' actions amounted to a "dismissal", under M.G.L.A. c. 71 §42, triggering the

procedural and substantive rights that accompany professional teacher status, including

arbitration.  Plaintiff alleges at all times relevant to the complaint that she was unlawfully and/or

wrongfully terminated in violation of a clearly defined public policy. Additionally, plaintiff

alleges she had an absolute right to arbitrate an alleged collective bargaining agreement (CBA)

violation that preceded her termination.

WHEREFORE plaintiff demands judgment against, Defendants, BPS, Town, BOS, Ms.

Coffin, Ms. Champagne, BSC, BSD, MTA, BTA, BESE, Dr. Knapp, Mr. Brougham, Mr. Howell

and Mr. Brousseau, for wrongful termination in violation of an important public policy, and

award the plaintiff any and all compensatory damages, post termination back pay, front pay, lost

benefits, pecuniary damages, loss of retirement pension time damages, emotional distress

damages, damage to professional reputation and earning capacity, punitive damages for bad faith

conduct, attorney's fees, costs of the action and any such other injunctive relief such as remand

to arbitration, expungement of negative employment personnel record information, and any such

other economic, equitable and/or injunctive relief to make plaintiff/grievant whole that this court

may deem just and proper.

### COUNT III
### (Breach of Contract)

75.  Plaintiff repeats an realleges the allegations contained in paragraphs one through 74,

as if set forth herein.

76.  At all times relevant to the complaint plaintiff alleges that she had a written

employment contract with defendants Town, BSD, BPS, BSC, BESE, BTA and MTA for her

employment as an art teacher at CHCS under the CBA and the employee handbook, and had an

implied in fact contract with defendants based upon the conduct of the parties over a term of

years. The implied contract terms provide consideration to support the enforceable contract,

instinct of obligations.

77.  At all times relevant to the complaint plaintiff alleges that, the terms and conditions

of the employment contract created the obligation upon the defendants that plaintiff could only

be terminated and/or not renewed only for just cause, under the circumstances,

78.  At all times relevant to the complaint plaintiff alleges that the terms of the CBA with

respect to termination from employment, non-renewal of her contract, and Article 12 of the CBA

incorporates by reference the provisions of the Belchertown BPS Educator Evaluation Process instrument, which provides a procedure for evaluating teacher progress, provides procedural protections, options for leave of absence, appeal rights, rights to notice and due process are enforceable terms of the employment contract, and plaintiff was an intended third party beneficiary of the CBA and contract between BSD, BPS/Town and BTA and/or MTA. And, her employee handbook also contained written and enforceable terms and conditions of her employment.

79.   At all times relevant to the complaint plaintiff alleges that, her termination from employment constitutes a breach of her employment contract and that she suffered economic and non-economic damages as a natural and probable consequence of defendants' breach of contract.

80.   At all times relevant to the complaint plaintiff alleges that after Ms. Champagne's non-observation of her announced summative evaluation class on May 1, 2017, misrepresentations concerning her performance of the 5th grade art class observed on May 10, 2017, Ms. Champagnes email to Ms. Coffin recommending "needs improvement", under the circumstances of plaintiff's speaking out against this conduct, represented a tacit understanding that plaintiff would achieve professional teaching status and, she would not speak further about the misrepresentations and unfairness of her 2016-2017 summative evaluation of her stated and written educator goals with respect to the specific mix of student abilities and grades, that being the 4th, 5th and 6th Grades Art Class comprised of students with special needs, and, that tacit understanding was breached when plaintiff was orally notified of her termination and/or non-renewal on May 15, 2017.

WHEREFORE plaintiff demands judgment against Defendants, BPS, Town, BOS, Ms. Coffin, Ms. Champagne, BSC, BSD, MTA, BTA, BESE, Dr. Knapp, Mr. Brougham, Mr. Howell and Mr. Brousseau, for breach of her employment contract, breach of implied contract, breach of the CBA Contract and breach of the enforceable terms of the BPS Employee Handbook, and, to award plaintiff any and all actual damages which naturally flow from defendants' breach, reliance damages, rescission damages, back pay, front pay, compensatory damages, pecuniary damages, punitive damages, attorney's fees, emotional distress damages, damage to business reputation and profession, declaratory relief in the form of reinstatement and any such other injunctive relief such as reinstatement, granting employee benefits such as leave of absence and/or remand to arbitration, and grant such economic damages and non-economic damages as this court may deem just and proper.

### COUNT IV
### (Claims Under 42 U.S.C. §1983)

81.  Plaintiff repeats an realleges the allegations contained in paragraphs one through 79, as if set forth herein.

82.  Plaintiff alleges that at all times relevant to the complaint, she engaged in constitutionally protected conduct, (2) he or she was subjected to an adverse action by the defendants, and (3) the protected conduct was a substantial or motivating factor in the adverse action taken against her. Plaintiff alleges that at all times relevant to the complaint that she had a constitutionally protected property interest in her continued public employment, a constitutionally protected right to free speech and, a constitutionally protected liberty interest in a professional career of her choice, as defined by state law and the defendants, acting under color

of state law, deprived her of her speech, property and liberty interests without constitutionally adequate process and she seeks a remedy under 42 U.S.C. §1983.

83.   Plaintiff alleges that at all times relevant to the complaint that she, as a public employee, engaged in constitutionally protected conduct exercising her rights to free speech as a citizen on a matter of public concern, and attempting to enforce and exercise her substantive and procedural due process rights and protections afforded to her as a public employee under the 1st, 5th and 14th Amendments to the United States Constitution, and cognate provisions of the Massachusetts Constitution and Declaration of Rights, and, that conduct was a substantial and motivating factor in her termination from employment.

84.   Plaintiff alleges that defendants' acted under color of state law to deprive her of constitutionally protected rights to due process, free speech and equal protection, prior to any termination of her employment for a false reason, to protect her good name and reputation and not to suffer professional delay and damages to professional reputation in violation of the due process clause and equal protection clause of the 14th Amendment to the United States Constitution. Plaintiff alleges that constitutional significance may attach to certain interests created by state law, and in this specific instance she alleges that knowing and willful violations of the notice and meeting procedures required for teachers who have taught more than ninety (90) calendar days, and notice to and lack of union representation or, any other adequate remedy, compels the court to find that these basic due process protections for public employees in this context are constitutionally protected interests.

85.  Plaintiff alleges that at all times relevant to the complaint, that she was speaking as a

citizen on a matter of public concern, her First Amendment protection of the speech outweighs

the government's interest as an employer and defendants retaliated against her for her protected

First Amendment conduct.

86.  Plaintiff claims state constitutional violations by defendants under Part 1 Article 1,

Article 10, and Article 11, Article 12, Article 29, of the Massachusetts Declaration of Rights

deprived of her property right to licensed professional teacher status which is closely connected

and/or inextricably entangled with any future success plaintiff could reasonably expect in her

chosen profession. Plaintiff claims as a public employee (teacher) she has constitutionally

protected speech, property and liberty rights to teacher evaluations supervised and free from

misrepresentations concerning performance without a corresponding right to challenge any such

misrepresentations under the fundamental fairness required of the due process clause and equal

protection clause of the 14th Amendment and cognate provisions of the Massachusetts

Constitution.

WHEREFORE plaintiff demands judgment against Defendants, BPS, Town, BOS, Ms.

Coffin, Ms. Champagne, BSC, BSD, MTA, BTA, BESE, Dr. Knapp, Mr. Brougham, Mr. Howell

and Mr. Brousseau, under 42 U.S.C. §1983, for deprivations of her constitutionally protected

rights to freedom of speech; substantive and procedural due process rights with respect to her

property rights, her teacher's license. her continued public employment, and, her liberty rights to

her good name and reputation and her chosen professional career, under the 1st, 5th and 14th

Amendments to the United States Constitution and cognate provisions of the Massachusetts

Declaration of Rights, and seeks all statutory damages and relief, prospective injunctive relief, such as reinstatement, order of arbitration, and expungement of any negative information about this incident in her personnel file, and, to award all actual damages, post-deprivation back pay, lost benefits, compensatory damages, pecuniary damages, punitive damages, attorney's fees, loss of retirement pension time, emotional distress damages, and damage to reputation and profession, and, any such other injunctive relief, economic damages and/or non-economic damages as this court may deem just and proper.

## COUNT V
### (Declaratory Relief Pursuant to M.G.L.A. c. 231A)

87.  Plaintiff repeats an realleges the allegations contained in paragraphs one through 86, as if set forth herein.

88. Plaintiff brings an action pursuant to M.G.L.A. c. 231A §1, et. seq. and in equity seeks injunctive relief in the form of:

1. Reinstatement to her position as Art Teacher at CHCS, and,

2. Declare that as a result of her 12 years of employment as a teacher and as guaranteed substitute teacher upon 2013, recommendations, because of the consecutive nature and extent of her employment service as a teacher at CHCS, she alleges that under the circumstances of her additional and concurrent public employment with the Department of Youth Services (DYS), has worked a sufficient number of non-intermitted employment hours which deems her professional teacher status and entitled to additional due process rights as provide in Section 42, such as

mandatory arbitration with the right of judicial review and, the rights to fair union representation. M.G.L.A. c. 71 Section 41 reads in part that; For the purposes of this section, a teacher, school librarian, school adjustment counselor, school nurse, school social worker or school psychologist who has served in the public schools of a school district for the three previous consecutive school years shall be considered a teacher, and shall be entitled to professional teacher status as provided in section forty-two.

3. Plaintiff asks the court to rule under M.G.L.A. c. 231A §2, that M.G.L.A. c. 71 §41 and §42, and, 603 CMR 35.01 et. seq., are unconstitutional and violate teachers' fundamental due process rights under the State and Federal Constitution. Plaintiff alleges that BPS, BOS, Mr. Brougham, Dr. Knapp and Town, law and policy unconstitutionally discriminates between non-professionally licenses teachers who have taught over 90 days and professionally licensed teachers with respect to their substantive and procedural due process protections M.G.L.A. c. 71 s. 41 and s. 42, violates the 14th Amendment and cognate provisions of the Massachusetts Declaration of Rights.

Among the fundamental principles embedded in the Massachusetts Declaration of Rights of due process and equal protection under Articles 11 and 29, including but not limited to the right to prompt and impartial administration of justice, plaintiff alleges the statute and regulations as applied are unconstitutional in that they deprived plaintiff of reasonably calculated notice to fairly apprise her of her alleged negative teacher evaluation and to afford her an opportunity to present her objections, which violates her rights to due process and equal protection under the law. Plaintiff alleges the application of the relevant statute and regulations

against her resulting in the termination of her public employment at CHCS deprived her of her

constitutionally protected liberty, speech and property rights without any required notice and/or

meaningful opportunity to be heard, and the post deprivation remedies provided by the statue and

regulation are constitutionally inadequate leaving her with no remedy. At all times relevant to the

complaint plaintiff alleges that a teacher with professional teacher status may seek review of a

dismissal decision through a statutory arbitration process. G.L. c. 71, § 42, however teachers

without professional teacher status are otherwise deemed to be employees at will and, beyond the

notice and meeting procedures for those who have taught more than ninety calendar days, have

no statutory appeal process available to them. Plaintiff alleges that M.G.L.A. c. 71 §41

constitutionally clashes with the provisions of M.G.L.A. c. 71 §42, for teachers with over ninety

(90) days, where the law generally provides that, "arbitration be the sole method used to resolve

disputes concerning teacher termination in this Commonwealth, including disputes in which a

teacher's status as a professional teacher is questioned". In this regard, plaintiff had a

constitutionally protected property interest in the wrongful withholding of a professional status

teacher's license to her chosen profession as sufficient injury to seek relief in the nature of

certiorari. Plaintiff further alleges that failing to afford plaintiff due process, under these

circumstances, is not rationally related to a legitimate governmental purpose.

### COUNT VI
**(Municipal Liability Under M.G.L.A. c. 258)**

89. Plaintiff repeats an realleges the allegations contained in paragraphs one through   ,
as if set forth herein.


90. General Laws c. 258, § 2 provides that "Public employers shall be liable for

injury or loss of property or personal injury or death caused by the negligent or wrongful act or

omission of any public employee while acting within the scope of his office

or employment." Plaintiff made adequate presentment under M.G.L.A. c.258 s. 4 upon

defendants and they failed to answer by certified mail within the six (6) month statutory time

period as required. Plaintiff claims the acts complained of by state actors were ministerial

functions and subject to a strict set of standards and rules and not subject to the discretionary

function exception under M.G.L.A. c.258 §10(b). Plaintiff alleges that Ms. Coffin, Ms.

Champagne, Dr. Knapp, Town, BOS, BESE, Mr. Brougham, BSD and BSC had a ministerial

duty to cause the performance of all teachers, principals, and administrators within the school

district to be evaluated using either the Model System for Educator Evaluation designed and

regularly updated by the Department of Elementary and Secondary Education or a locally

developed system that is consistent with the principles of evaluation established therein. (G.L. c.

71 §38, 603 C.M.R. 35.06), and breached this legal duty owed to the plaintiff and directly caused

her to suffer damages.


91.  Plaintiff alleges that defendants were responsible for the injury causing condition that

resulted in harm where Ms. Champagne, Ms. Coffin, Dr. Knapp, BSC and BESE, had acted or

failed to act, without earlier providing the teacher with performance evaluations that were

required by the collective bargaining agreement, resulting in municipal liability under M.G.L.A.

c. 258 §10(j).


92.  Plaintiff at all times relevant to the complaint alleges that defendants' engaged in

fraudulent misrepresentation and alleges that (1) the defendants made a misrepresentation of fact;

(2) it was made with the intention to induce plaintiff to act upon it; (3) it was made with the knowledge of its untruth; (4) it was intended that it be acted upon, and that it was in fact acted upon; and (5) damage directly resulted therefrom. Plaintiff further alleges defendants committed the torts of interference with contract and advantageous relations, intentional and negligent infliction of emotional distress and defamation.

93.  The acts of defendants were proprietary and thereby waived governmental immunity under M.G.L.A. c.258.

94.  Plaintiff further alleges that defendants (1) intended to inflict emotional distress by (2) undertaking actions that were extreme and outrageous, thereby (3) causing emotional distress to the plaintiff, which (4) was severe so that no reasonable person could be expected to endure it. Plaintiff alleges that the Town, Mr. Brougham, Dr. Knapp, BSC, BSD, Ms. Coffin, Ms. Champagne and other defendants, are vicariously liable for the acts of the Administrator and Superintendent, and the legal duties of the governmental entity owed to plaintiff were breached and their duties under M.G.L.A. c. 71 §38G were circumvented by defendants' when plaintiff was terminated as a result of Ms. Champagne and Ms. Coffin's interference and misrepresentation, and, where Ms. Champagne's "friend" from her prior school district replaced plaintiff in her position and this act performed was not for the common good of all. (M.G.L.A. c. 258 §2 and §10(b)).

WHEREFORE plaintiff demands judgment against Defendants, the Town of Belchertown, Town, BOS, BPS, Ms. Coffin, Ms. Champagne, BSC, MTA, BTA, BESE, Dr.

Knapp, and Mr. Brougham, under M.G.L.A. c. 258 §1, et. seq., for municipal liability, statutory

violations against her, common law torts against her, and interference with her professional

development and her employment contract, and seeks all statutory damages and relief,

prospective injunctive relief, such as reinstatement, order of arbitration, and expungement of any

negative information about this incident in her personnel file, and, to award all actual damages,

back pay, front pay, lost benefits, compensatory damages, pecuniary damages, punitive damages,

attorney's fees, loss of retirement pension time, emotional distress damages, and damage to

reputation and profession, and, any such other injunctive relief, economic damages and non-

economic damages as this court may deem just and proper.

### COUNT VII
### (Violation of M.G.L.A. c. 12 §11H and §11I)

95.  Plaintiff repeats and realleges the allegations contained in paragraphs one through

94, as if stated herein.


96.  Defendant Coffin deprived and/or attempted to deprive plaintiff of her

constitutionally protected rights under the 1st, 5th, and 14th Amendments to the United States

Constitution and cognate provisions of the Massachusetts Constitution and Declaration of Rights,

by means of threats, intimidation and coercion, in violation of M.G.L.A. c. 12 §11H and §11I,

where knowing misrepresentations about plaintiff's teaching performance was economically

coercive and emotionally threatening and intimidating where her chosen career path was first put

in jeopardy and her professional reputation in her chosen career then irreparably harmed, when

she was terminated from her employment for reasons given that she claims are untrue not fair

and honest appraisals of her job performance as required.

WHEREFORE, plaintiff demands judgement against Defendants' , the Town of

Belchertown, Town of Belchertown Board of Selectmen, BPS, Ms. Coffin, Ms. Champagne,

BSC, MTA, BTA, BESE, Dr. Knapp, Mr. Brougham, Mr. Brousseau, Mr. Howell, for violation

of M.G.L.A. c. 12 §11H and §11I, and seeks all economic and non-economic damages, all

statutory damages, attorney's fees, costs of the action, punitive damages and any such other

injunctive relief and/or economic relief as this court may deem just and proper.

### COUNT VIII
### (Monell Claim)

97.  Plaintiff repeats an realleges the allegations contained in paragraphs one through 96,

as if set forth herein.


98.  Plaintiff alleges that at all times relevant to the complaint that BSC, Town, Mr.

Brougham, BOS, Ms. Coffin and Ms. Champagne adopted an unconstitutional policy, custom,

decision, ordinance and/or policy statement was formally adopted and promulgated by the

governing body, Plaintiff further alleges that: 1) the alleged municipal action at issue constituted

a 'policy or custom' attributable to the Town, and, 2) the municipal policy or custom actually

caused plaintiff's injury; and 3) "the municipality possessed the requisite level of fault, which is

generally labeled in these sorts of cases as 'deliberate indifference and/or illicit motive. Plaintiff

alleges that Dr. Knapp and Ms. Coffin are decisionmakers and their constitutionally

impermissible conduct and bias infected the entire group of collective decisionmakers who were

blocked from voting on the renewal of plaintiff's contract and her claims of wrongful

termination. Plaintiff alleges that she has set forth material facts to establish municipal liability

under § 1983, where plaintiff's harm was caused by a constitutional violation, and that the Town

is responsible for that violation, in connection with an unconstitutional custom, policy and/or

practice of defendants.  Plaintiff alleges that defendants' had a meaningful choice as to

whether it would enforce plaintiff's appeal rights and due process rights with respect to her

dismissal and/or non-renewal, and defendants course of conduct represented a conscious choice

by a municipal policymaker, which caused plaintiff to suffer harm and damages.


WHEREFORE, plaintiff demands judgement against Defendants, the Town of

Belchertown, Town of Belchertown Board of Selectmen, BPS, Ms. Coffin, Ms. Champagne,

BSC, MTA, BTA, BESE, Dr. Knapp, and Mr. Brougham, for violation of 42 U.S.C. s. 1983, for

maintenance of an unconstitutional municipal custom or policy and seeks all statutory damages,

economic and non-economic damages, attorney's fees, costs of the action, punitive damages and

any such other equitable relief, injunctive relief and/or economic relief as this court may deem

just and proper.


## COUNT IX
### (Promissory Estoppel Claim)

100.  Plaintiff repeats an realleges the allegations contained in paragraphs one through

99, as if set forth herein.


101.  Defendants made a representation intended to induce reliance on the part of plaintiff

to whom the representation was made and plaintiff failed to act to immediately correct the record

about the veracity of the summative evaluation presented by Ms. Champagne, and that it would

preserve her job and allow her to achieve professional licensure if she had not already done so by operation of law.

102.  Plaintiff alleges that at all times relevant to her complaint she suffered a detriment because of her objectively reasonable reliance upon defendants' BTA, MTA, BSE, BSC's intended representations that since she paid her union dues and was a member of the collective bargaining unit she enjoyed grievance rights, appeal rights and rights to representation when her employment was in jeopardy. Defendants' MTA, BTA, Mr. Knapp, BESA, Mr. Howell, Mr. Brousseau, Mr. Brougham, Ms. Coffin and Ms. Champagne knew and understood that plaintiff had a right to union representation at all critical stages of the proceedings. Plaintiff alleges she detrimentally relied upon MTA, BESE, BSC, Dr. Knapp and BTA's written and oral representations that plaintiff would be afforded union representations where allegations of violations of the CBA leading to her termination were contested, and MTA, BTA, BSC and BESE failed to accept plaintiff's filed grievance and requests for union representation. If plaintiff were have allowed to proceed to arbitration, that decision would have been subject to judicial review under G.L. c. 150C.

103.  Ms. Champagne, Ms. Coffin, BSC, BESE, BTA, MTA, BPS, BSD, Town, Mr. Brougham, Mr. Brousseau and Mr. Howell made a representation(s) that it would review teacher termination, teacher evaluation ratings disputes, teacher non-renewal decisions appealed to the Superintendent for teachers over 90 days and/or appeal of decisions with respect to employee personnel file misrepresentations. Plaintiff objectively and reasonable relied upon these intended representations to her detriment and suffered damages as a direct result.

WHEREFORE, plaintiff demands judgement against defendants' for promissory estoppel and seeks all common law remedies, tort remedies, contract remedies, economic and non-economic damages, emotional distress damages, attorney's fees, costs of the action, punitive damages and any such other equitable relief, injunctive relief and/or economic relief as this court may deem just and proper.

### COUNT X
### (Union Breach of Duty of Fair Representation)

104. Plaintiff repeats an realleges the allegations contained in paragraphs one through 103, as if set forth herein.

105. Plaintiff at all times relevant to the complaint alleges that she worked in an industry (teachers) covered by the NLRA and M.G.L.A. c. 150E, which rights guarantee an employee the right to union representation whenever an employer's investigatory interview could lead to discipline, where her job performance had been unfairly evaluated, and she was terminated and therefore reasonably believed that her job was in jeopardy, and information suggests that the employer is trying to support or possibly alter its disciplinary decision, which would give rise to Weingarten rights.

106. Plaintiff at all times relevant to the complaint alleges that, BTA, MTA, Mr. Brousseau, and Mr. Howell, did not believe in good faith that plaintiff's case could not be won or the case could create precedent that would damage the interests of most employees in the bargaining unit, and defendants' decision to not file a grievance and/or improperly refusing to

arbitrate her case, reflected arbitrary unlawful and arbitrary considerations. Plaintiff alleges that

she paid union dues as a member of MTA and BTA.

107.  Plaintiff at all times relevant to the complaint alleges that after the meeting with Ms.

Champagne on May 12, 2017, plaintiff notified her union representative and filed a grievance in

connection with her termination from employment, and herein alleges unlawful failure to fairly

represent her, in fact file a grievance on her behalf, and/or otherwise take fair and appropriate

action in violation of defendants' BTA and MTA duty of fair representation and files this breach

of contract action under Section 9(a) and Section 301 of the Labor Management Relations Act.

108.  Plaintiff alleges that at all times relevant to the complaint, MTA, BTA, Mr.

Brousseau and Mr. Howell unlawfully interfered with her exercise of his or her collective

bargaining rights in violation of M.G. L.A. c. 150E §10(a)(5), and, M.G. L.A. c. 150E §7 (d),

which lists statutes as specific mandates to do or not to do something in connection with the

terms and conditions of employment of plaintiff's public employment, which defendants

individually, collectively and/or in concert, violated and caused plaintiff to suffer damages.

109.  Plaintiff at all times relevant to the complaint alleges that MTA, BTA, Mr.

Brousseau and Mr. Howell from the Union and the Town, BSC, BPS, Ms. Coffin, and Dr.

Knapp, engaged in a prohibited practice by failing to afford her legal counsel upon her request

and violated M.G.L.A. c. 150E §10(a)(1), her employment contract and the applicable CBA and,

misrepresented her job performance rating, and interfered with, restrained and/or coerced

plaintiff with respect to her individual rights of employee protection under the CBA and
M.G.L.A. c. 71.

WHEREFORE, plaintiff demands judgement against, MTA, BTA, Mr. Brousseau, Mr.
Howell, for breach of contract under Section 9(a) and Section 301 of the Labor Management
Relations Act, and, violations of M.G.L.A. c. 150E, and seeks to make plaintiff whole, and
award all damages that naturally flow from the breach, all economic and non-economic damages,
all statutory damages, emotional distress damages, attorney's fees, costs of the action, punitive
damages and any such other injunctive relief and/or economic relief as this court may deem just
and proper.

### COUNT XI
### (Violation of Implied Covenant of Good Faith and Fair Dealing)

110.  Plaintiff repeats an realleges the allegations contained in paragraphs one through
109, as if set forth herein.

111.  Plaintiff alleges that at all times relevant to the complaint, there was a covenant of
good faith and fair dealing implied in her employment contract and defendants', by their
collective and concerted conduct, breached the covenant of good faith and fair dealing and in bad
faith deprived plaintiff of earned benefits and, terminated her without just cause and in violation
of an important public policy and the reasons given for her termination were not true, were
retaliatory and pretext to her wrongful termination, which is further evidence of the breach of the
defendants' duty of good faith and fair dealing.

112.  Plaintiff alleges that defendants' breached their duty of good faith and fair dealing implied in all contracts Massachusetts. and violated community standards of decency, fairness and reasonableness and directly caused plaintiff to suffer economic and non-economic damages.

WHEREFORE, plaintiff demands judgment against defendants for violation of implied covenant of good faith and fair dealing, and seeks all damages proximately caused by defendants' conduct, all damages naturally flowing from defendants' breaches of contract, the CBA, employment contract and/or the enforceable terms of the BPS employee handbook, defendants' tortious conduct of misrepresentation, knowing violation of her teacher rights and constitutional rights and other torts and statutory violations, and asks the court to award any such economic and/or non-economic damages, and/or injunctive relief as this court may deem just and proper.

## COUNT XIII
### (Intentional and Negligent Interference with Contractual or Advantageous Relations)

113.  Plaintiff repeats an realleges the allegations contained in paragraphs one through 112, as if set forth herein.

114.  Plaintiff alleges that at all times relevant to the complaint, that she had a contract and an advantageous relationship with defendants' Town, BSC, BOS, BSD, BTA and MTA, and defendants' knowingly induced a third party to breach the contract or interfere with plaintiff's performance of her contract by improper motive or means and she was directly harmed by such interference and to suffer economic and non-economic damages.

115.   Plaintiff alleges the existence of a business relationship or contemplated contract of

economic benefit that defendants' had full knowledge of and defendants engaged in an improper

interference and unlawful conduct which directly caused loss of the advantage to plaintiff.


WHEREFORE plaintiff demands judgment against all defendants for intentional and

negligent interference with plaintiff's prospective economic advantage, and seeks reinstatement,

all actual damages, back pay, front pay, compensatory damages, pecuniary damages, punitive

damages, attorney's fees, loss of retirement pension time, emotional distress damages, damage to

reputation and profession, and any such other injunctive relief, economic damages and non-

economic damages as this court may deem just and proper.

### COUNT XIV
### (Defamation)

116.   Plaintiff repeats an realleges the allegations contained in paragraphs one through

115, as if set forth herein.


117.   Plaintiff alleges that all time relevant to the complaint, MTA, BTA, Mr. Brousseau ,

Mr. Howell, Ms. Champagne, Ms. Coffin, BSC, and Dr. Knapp, published false statements of

fact and/or repeated or adopted false statements of material fact about matters of public concern,

with malice, that exposed plaintiff to economic harm and special damages.


118.   Plaintiff alleges that all time relevant to the complaint, that the information

published by defendants was not conditionally privileged in that such publications were not

reasonably necessary to serve the employers legitimate interests, such as the fitness of plaintiff to

do her job and stated materially false information to third parties, and otherwise failed to disclose material information under the circumstances about plaintiff's teaching standards of performance and; maliciously, excessively, unreasonably and/or recklessly made false statements of material facts of and concerning plaintiff which have defamed her good name and professional business reputation, caused her professional delay in her career and, directly caused her to suffer special damages and other economic and non-economic damages.

WHEREFORE plaintiff demands judgment against Ms. Champagne and Ms. Coffin for defamation, libel and slander, and, seeks all special damages, compensatory damages, actual damages. statutory damages, emotional distress damages, punitive damages, attorney's fees and costs of the action, under the common law and M.G.L.A. c. 231 s. 91.

DEMAND FOR JURY TRIAL

119.  Plaintiff hereby demands a jury trial on all issues so triable under Rule 38 of the Massachusetts Rules of Civil Procedure.

Respectfully submitted,
Kim Mook, Plaintiff
By her attorney,

/s/ David E. Ashworth

David E. Ashworth, Esq., BBO# 549850
35 West Main Street
West Brookfield, MA 01585
d_evan_ashworth@yahoo.com
(508) 981 1968

**VERIFIED COMPLAINT**

I, Kimberly Mook, the plaintiff in the above captioned matter hereby state under the pains and penalties of perjury that I have read the allegations and claims contained in this complaint and state that they are true and verified by me this 22nd day of April, 2020.

/s/ Kimberly Mook

Kimberly Mook, Plaintiff